COBB *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—LICENSES—PROXIMITY TO CHURCH OR SCHOOL.

The prohibition against issuance and transfer of liquor licenses for use at any location within 500 feet of a church or school building does not apply to licenses issued prior to March 1, 1949, within such distance nor to their renewal or transfer provided the transfer is farther from the church or school than the original location (CLS 1956, §§ 436.17a, 436.17c).

2. SAME—LICENSES—SALE FROM PORTION OF A BUILDING.

The liquor control commission has authority to license the sale of liquor from only a portion of a building (CLS 1956, §§ 436.2e, 436.7a, 436.19).

3. SAME—TRANSFER OF LICENSE LOCATION—SALE OF BEER AND WINE FOR CONSUMPTION OFF PREMISES—PROXIMITY TO CHURCH.

License for sale of beer and wine for consumption off the premises of supermarket in a portion thereof that was enclosed by partitions but accessible from remaining area of supermarket as well as from outside the building *held*, within statutory authority of liquor control commission to transfer from location within 500 feet of a church, where license had originally been issued prior to March 1, 1949, and portion of premises to which transfer was authorized was farther from church than previous location, although remainder of supermarket was nearer (CLS 1956, §§ 436.17a, 436.17c).

4. COSTS—MANDAMUS—LIQUOR CONTROL COMMISSION—TRANSFER OF LICENSES—PROXIMITY TO CHURCH—CONSTRUCTION OF STATUTES.

No costs are allowed in mandamus proceeding against liquor control commission relative to transfer of license to sell beer and wine for consumption off the premises located within 500 feet of a church, where a matter of statutory construction is involved (CLS 1956, §§ 436.17a, 436.17c).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur, Intoxicating Liquors §§ 139, 140.
[3] 30 Am Jur, Intoxicating Liquors §§ 167–170.
[4] 14 Am Jur, Costs § 23.

Original mandamus by Dee Cobb, George Cole, II, Richard Vanders, and Robert L. Hammond against the Michigan Liquor Control Commission to compel revocation of license for sale of beer and wine. Gene's Supermarket, Inc., a Michigan corporation, intervenes as party defendant. Submitted January 8, 1963. (Calendar No. 11, Docket No. 49,601.) Petition for writ dismissed March 7, 1963.

*Anderson, Carr & Street* (*Cassius E. Street, Jr.,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas H. Healy, Jr.,* and *Joseph J. Finn,* Assistant Attorneys General, for defendant commission.

*Edward A. Elsarelli,* for intervening defendant.

Souris, J. The legislature has prohibited the issuance of liquor licenses and the transfer of an existing license for use at any location within 500 feet of a church or a school building. CLS 1956, § 436.17a (Stat Ann 1957 Rev § 18.988[1]). By express exception, the prohibition does not apply to licenses issued prior to March 1, 1949, for use at locations within such distance nor to their renewal or transfer. By separate provision, CLS 1956, § 436.17c (Stat Ann 1957 Rev § 18.988[3]), such licenses may be transferred within such 500-foot radius if the proposed new location is farther from a church or school than the original location.

There was such a license outstanding in 1959 on State Fair avenue in the city of Detroit located 460 feet west of a church. The intervening defendant, operator of a supermarket immediately east of the licensed premises, acquired the license by commission-approved purchase from the original licensee.

Thereafter, the supermarket demolished the building covered by the license and extended its own building to a line west thereof.  Upon application to the defendant liquor control commission, permission was granted to transfer the location of the license westward to the southwest corner of the enlarged supermarket.  Partitions of wood and glass were erected from floor to ceiling enclosing an area of approximately 10 by 23 feet within which beer and wine were to be sold at retail for off-premises consumption.  A door permits access to the enclosure from outside the building and another door permits access between the enclosure and the remaining area of the supermarket.

Plaintiffs, residents and property owners of the city, pray issuance of our original writ of mandamus to compel the commission to revoke the supermarket's license.  It is plaintiffs' claim that the licensed premises are not limited to the partitioned enclosure but, rather, include the entire supermarket and, since its east wall is closer to the church than was the original licensed location, such transfer of the license was not permitted by section 436.17c.

There can be no doubt that the legislature has granted to the liquor control commission authority to license the sale of liquor from only a portion of a building.  For example, "space in a building," CLS 1956, § 436.2e (Stat Ann 1957 Rev § 18.972[5]); "any building containing [licensed premises]", CL 1948, § 436.7a (Stat Ann 1957 Rev § 18.977[1]); and multiple public bars in class B hotels and class C licenses, CLS 1956, § 436.19 (Stat Ann 1957 Rev § 18.990).  It is our conclusion that the commission was empowered to, and effectively did, limit the use of the license to the enclosure in the southwest corner of the supermarket and its transfer to that location, being farther from the church than the original licensed premises, was within the statutory author-

ization to the commission contained in CLS 1956, § 436.17c (Stat Ann 1957 Rev § 18.988[3]).

Petition for writ of mandamus dismissed. No costs, a matter of statutory construction being involved.

DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and O'HARA, JJ., concurred.

CARR, C. J., did not sit.